IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SIDNEY PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-239-MJR |
| | ) | |
| TINA MONROE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 25, 2010, the Court denied without prejudice Plaintiff Sidney Perry's Motion to Appoint Counsel finding that the request was premature (Doc. 11). Plaintiff has now filed a Motion for Reconsideration of the Court's order denying his motion to appoint counsel (Doc. 18). That motion is **GRANTED**.

### DISCUSSION

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If

a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010). (quoting *Pruitt*, 503 F.3d at 656). The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Id.*

Plaintiff has met the threshold burden of showing that he has made a reasonable attempt to obtain counsel on his own. With his original motion he submitted a letter from the law firm of Jenner and Block denying representation, and with this motion he submits letters from the law firm of Latham and Watkins and from Uptown People's Law Center denying his requests for representation. Regarding his ability to litigate the case himself, Plaintiff states that he has an "academic level of a 6th grader" and he is "under heavy medication." He states that he had help preparing the motion because he doesn't spell well enough to write it himself. He states that his property was confiscated and his grievances not answered, both of which have made litigating the case difficult. In reviewing these circumstances, the Court finds appointment of counsel warranted in this case. Plaintiff's Motion for Reconsideration of the Court's order denying his motion to appoint counsel is **GRANTED**.

Accordingly after a random pick, attorney **Peter C. Bastianen, of the lawfirm Codilis & Associates, Burr Ridge, Illinois**, is hereby **APPOINTED** to represent the Plaintiff in this matter

pursuant to SDIL-LR83.1(i).[1]  The Court informs Attorney Bastianen that the Plaintiff is currently incarcerated by the Illinois Department of Corrections at the Menard Correctional Center.

**IT IS SO ORDERED**.

**DATED: May 24, 2010**

                                          s/ *Donald G. Wilkerson*
                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**

---

[1] Under SDIL-LR 83(i), every member of the bar of this Court shall be available for appointment to represent or assist in the representation of those who cannot afford to hire an attorney.