# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIDNEY PERRY, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 09-239-GPM |
| TINA MONROE, C. BRADLEY, C/O MOORE, LT. DILDAY, and UNKNOWN 7-3 SHIFT SERGEANT, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 74), recommending that the motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Chris Bradley, James Dilday, Tina Monroe, and Jody Moore (Doc. 59) be granted. The Report and Recommendation was entered on May 10, 2011. Plaintiff filed his objections on May 19, and Defendants responded on June 1.

Plaintiff Sidney Perry, an inmate at Stateville Correctional Facility in Joliet, Illinois, filed this case under 42 U.S.C. § 1983 against several prison guards and officials claiming constitutional deprivations suffered while he was incarcerated at Menard Correctional Center ("Menard"). In his Amended Complaint (Doc. 7), Plaintiff alleged that he was the victim of a racially motivated beating by Defendants Monroe, Bradley, and Moore, under the encouragement of Lt. Dilday and an unknown sergeant. Plaintiff also alleged that he was placed in the segregation unit based on a

falsified disciplinary report, that he had been dragged through the cold to the segregation unit without appropriate clothing, that he spent three days without clothing in a cell that lacked a working toilet or running water, and that he was not treated for his injuries for three days after the beating. Plaintiff's allegation that he had been beaten by, or with the approval of, Defendants survived preliminary review; the remainder of his claims did not (Doc. 10).

Defendants moved for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court. The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process. This Order addresses only the conclusions of law to which Plaintiff has lodged a specific objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject, or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added). However, where neither timely nor specific objections to the Report and

Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Plaintiff cites to the Seventh Circuit's opinion in *Wilder v. Sutton*, arguing that because he held a subjective belief that he had exhausted his administrative remedies, the administrative process was not "in reality open for the prisoner to pursue." *See Wilder v. Sutton*, 310 Fed. Appx. 10, 13 (7th Cir. 2009) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). This argument misapprehends *Wilder*, which analyzes whether a prisoner "did all he could to avail himself of the administrative process." *Wilder*, 301 Fed. Appx. at 13. According to the *Wilder* Court, a prisoner's remedies are exhausted "[i]f he followed the prescribed steps and could do nothing more." *Id.*

One of the central purposes of the PRLA's exhaustion requirement is to afford prison systems the opportunity to respond to prisoner grievances. 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Plaintiff's interpretation of § 1997e(a) would allow any prisoner who failed to take the time to comprehend the requirements of the grievance process–which are printed on the grievance form submitted as evidence by Plaintiff (*see* Doc. 35, p.2)–to bypass the administrative procedure and pursue his claims in court directly. This result would defeat the purpose of the exhaustion requirement.

The administrative grievance process remained open for Plaintiff to pursue. Plaintiff did not follow the prescribed steps of that process to exhaustion. After Correctional Counselor Mueller responded to his informal complaint, he could have submitted a formal grievance to the Grievance Officer Cowan at Menard. He also could have submitted an emergency grievance to the grievance officer. The testimony given at the *Pavey* hearing by Cowan demonstrates that Plaintiff did neither. The affidavit of Brian Fairchild shows that Plaintiff improperly attempted to a file a grievance with

the Administrative Review Board, which was returned with instructions to include responses to his grievance from his counselor, the grievance officer and Menard's Chief Administrative Officer (Doc. 59-6). Plaintiff failed to do so. Defendants fulfilled their burden of proof on the issue of exhaustion. *See Kaba v. Stepp*, 458 F.3d 678 (7th Cir. 2006) ("[E]xhaustion is an affirmative defense, and consequently the burden of proof is on the prison officials.") Plaintiff failed to rebut Defendants' evidence that Plaintiff had not fully navigated the administrative procedure prior to bringing this action. Plaintiff does not contend that prison officials prevented him from properly filing a grievance, nor does he argue that prison officials failed to respond to a properly submitted grievance, misled him about grievance procedures, or in any other way made the grievance process unavailable to him. Plaintiff did not follow the proper procedures when making his grievance, and failed to avail himself of the avenues that remained open to him before bringing this action. Therefore, Plaintiff failed to exhaust his administrative remedies under § 1997e(a).

Magistrate Judge Wilkerson's Report and Recommendation advises that the deadline for serving "7-3 Shift Sergeant" should be extended by another 30 days, then the action dismissed with prejudice if that Defendant remains unidentified and unserved by that time. However, it has been well over two years since Plaintiff filed his complaint. "7-3 Shift Sergeant" remains unnamed, unidentified, and unserved. This far exceeds the 120-day limit for service under Federal Rule of Civil Procedure 4(m), and the Court believes that this deadline should not be extended any further.

A dismissal under 4(m) is without prejudice. However, the applicable statute of limitations has run on Plaintiff's claim against the unidentified prison official. *See* 735 Ill. Comp. Stat. § 5/13-202 (two year statutory period); *Wilson v. Garcia*, 471 U.S. 261 (1985) (holding that state personal injury statutes of limitations are applied to § 1983 claims). Plaintiff would be unable to bring his

claim again. Therefore, dismissal with prejudice is appropriate. *See Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996).

For these reasons, the Court **ADOPTS** in part and **MODIFIES** in part Magistrate Judge Wilkerson's Report and Recommendation (Doc. 74). Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Doc. 59) is **GRANTED**. Accordingly, Plaintiff's claims against all defendants are **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: 7/22/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge